UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA LUCIO,<br><br>              Plaintiff,<br><br>    v.<br><br>STEMILT GROWERS, LLC, and STEMILT AG SERVICES, LLC,<br><br>              Defendants. | No.<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES<br><br>JURY TRIAL REQUESTED |

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page i

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

## I. NATURE OF THE ACTION

1. This is an action for declaratory judgment, equitable relief, and monetary damages, instituted to secure the protection of and to redress the deprivation of rights secured through 42 U.S.C. § 1981, *et seq*. ("Section 1981"); the Age Discrimination in Employment Act, 29 U.S.C. § 623, *et seq.*, ("ADEA"); Washington's prohibition against Unfair Practices in Employment Because of Age of Employee or Applicant RCW 49.44.090 *et seq*.; the Washington Law Against Discrimination, RCW 49.60, *et seq*. ("WLAD"); and the Family Medical Leave Act, 29 U.S.C. § 2611 *et seq*. ("FMLA"); and the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206, *et seq.* ("EPA").

2. Plaintiff Patricia Lucio alleges that Defendants Stemilt Growers, LLC and Stemilt Ag Services, LLC (collectively "Defendants") discriminated against her because of her race (Hispanic), national origin (Mexican), gender (female), age (fifty-six or about fifty-six years old), and disability, including discriminatorily and retaliatorily demoting her and involuntarily discharging her while she was on FMLA, in retaliation for engaging in protected activity in violation of the laws stated above. Defendants further engaged in a practice of paying Plaintiff and female employees less than similarly situated male employees. Plaintiff seeks monetary and injunctive relief, including pecuniary and non-pecuniary damages, compensatory damages, and punitive damages to the fullest extent allowed by law.

3. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 29, 2015 alleging Defendants violated Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"). Plaintiff reserves the right to amend her complaint to include her Title VII claims.

## II. JURISDICTION, VENUE AND PARTIES

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 since Plaintiff alleges claims that comprise a federal question.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 1

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

5. This Court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

6. Venue of this Court is invoked under 28 U.S.C. § 1391.

7. Plaintiff Patricia Lucio is a resident of Washington State.

8. Defendants Stemilt Growers, LLC and Stemilt Ag Services, LLC are Washington limited liability companies and have the requisite number of employees under the aforementioned statutes.

9. At all relevant times, Defendants were continuously doing business in the Western District of Washington and transacting business in the Western District of Washington.

10. At all relevant times, Defendants were employers engaged in an industry affecting commerce, and had the requisite number of employees under the aforementioned statutes.

11. At all relevant times, Defendants employed Plaintiff.

12. All jurisdictional prerequisites have been met.

### III.   STATEMENT OF CLAIMS

13. The preceding paragraphs 1 through 12 are re-alleged and hereby incorporated by reference.

14. Defendants engaged in unlawful employment practices against Plaintiff, while she was employed by Defendants, in violation of Section 1981, 42 U.S.C. §1981 *et seq.*; the ADEA, 29 U.S.C. § 623 *et seq.*; RCW 49.44.090 *et seq.*; Title VII, 42 U.S.C. § 2000(e) *et seq.*; WLAD, RCW 49.60 *et seq.*; FMLA, 29 U.S.C. § 2611 *et seq.*; and EPA, 29 U.S.C. § 206 *et seq.*

15. Defendants discriminated, retaliated, and took adverse actions against Plaintiff for opposing discrimination in the workplace. Defendants' unlawful conduct was motivated by

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 2

**THE BLANKENSHIP LAW FIRM, P.S.**
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

Plaintiff's race, national origin, age, gender, disability, and opposition to Defendants' discriminatory conduct.

16. Defendants grow and sell fruit. Defendants employ a workforce largely composed of Hispanic employees, including migrant workers.

17. Plaintiff Patricia Lucio is female, Hispanic and of Mexican national origin. She speaks English and Spanish fluently.

18. Prior to being hired by Defendants, Plaintiff had training and experience as a Human Resource professional.

19. She spent more than eleven years as an employee for Defendants, and performed well throughout her employment, receiving promotions. She was ultimately promoted to the position of Director of Human Resources, serving as the only Hispanic director and the only female director for Defendants.

20. In 2011, Plaintiff's reporting relationship changed and she reported directly to the President.

21. After the reporting relationship changed, Plaintiff raised many concerns to Defendants' President, including requesting him to reform Defendants' discriminatory practices to protect the rights of Hispanic, female and older employees.

22. She also routinely requested that Defendants' President address the inconsistent and discriminatory application of the Defendants policies.

23. On or about March 1, 2012, Defendants discriminatorily and retaliatorily demoted Plaintiff from the position of Director of Human Resources.

24. Defendants' demotion of Plaintiff was unlawful discrimination and retaliation.

25. Defendants replaced Plaintiff with a younger, white male as the Director of Human Resources.

26. Her replacement had never held a position in Human Resources before he replaced Plaintiff as Human Resources Director.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 3

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

27. Her replacement did not have the background and experience in human resources that Plaintiff did.

28. Plaintiff complained about the discrimination and retaliation she suffered after the demotion, and because of the demotion.

29. Throughout her employment, Plaintiff engaged in protected activity including complaining and opposing discrimination against her and other Hispanic, female and older employees to management, including the highest officers in the company.

30. Defendants had a pattern and practice of favoring younger white males and discriminating against employees who were not younger white males, including Hispanic employees, Mexican employees, older employees, and women.

31. Defendants discriminated against Plaintiff and other Hispanic employees on the basis of race and national origin in violation of Section 1981, 42 U.S.C. §1981 *et seq.*; Title VII, 42 U.S.C. § 2000(e) *et seq.*; and WLAD, RCW 49.60 *et seq.*

32. Defendants discriminated against Plaintiff and other female employees on the basis of gender, in violation of Title VII, 42 U.S.C. § 2000(e) *et seq.*; WLAD, RCW 49.60 *et seq.*; and Equal Pay Act (EPA), 29 U.S.C. § 206 *et seq.*

33. Defendants discriminated against Plaintiff and other older employees on the basis of age in violation of the ADEA, 29 U.S.C. § 623 *et seq.* and the WLAD, RCW 49.60 *et seq.*

34. Defendants discriminated against Plaintiff on the basis of her disability in violation of the WLAD, RCW 49.60 *et seq.*, and interfered with her rights under FMLA, 29 U.S.C. § 2611 *et seq.*

35. Defendants' discriminatory actions include but are not limited to the following:

   (i) Defendants paid Plaintiff and other Hispanic and/or female employees less than similarly-situated white males, including lower wages and benefits;

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 4

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

       (ii)     Defendants discriminatorily denied Plaintiff and other Hispanic and/or female employees opportunities and promotions;

       (iii)    Defendants prohibited Plaintiff and other Hispanic employees from speaking Spanish, even in private, personal conversations;

       (iv)    Defendants subjected Plaintiff and other Hispanic and/or female employees to different standards and discipline than white male employees;

       (v)     Defendants discriminated and took adverse actions against Plaintiff, including but not limited to:

1. demoting her from a director level position,
2. failing to provide any advance notice of the demotion,
3. replacing her with a less qualified younger white male employee,
4. compensating Plaintiff's replacement at a higher level than Plaintiff,
5. cutting Plaintiff's compensation,
6. and involuntarily terminating Plaintiff's employment;

       (vi)    Defendants had no Hispanic and/or female directors after demoting Plaintiff from a director level position, and all directors that remained were Caucasian and male.

36.    Plaintiff opposed discrimination and otherwise engaged in protected activity under the aforementioned statutes, including but not limited to the following:

       (i)      Plaintiff raised complaints to upper management, including the President of the company, about race and gender discrimination including but not limited to her discriminatory demotion;

PLAINTIFF'S COMPLAINT FOR DAMAGES  
Page 5

THE BLANKENSHIP LAW FIRM, P.S.  
1000 Second Avenue, Suite 3250  
Seattle, Washington 98104  
(206) 343-2700

  (ii)  Plaintiff encouraged Hispanic and/or female employees to raise discrimination complaints;

  (iii)  Plaintiff advocated for Hispanic, female, and/or older employees to be treated equally within the workplace, and that Defendant comply with Washington and U.S. law prohibiting race and national origin discrimination in the workplace;

  (iv)  Plaintiff complained to upper management about discriminatory hiring practices favoring Caucasians, males and younger individuals;

  (v)  Plaintiff opposed and complained to upper management about Defendants' instruction to not allow Hispanic employees to speak Spanish, even in private conversations;

  (vi)  Plaintiff raised concerns about a lack of compliance, discriminatory conduct toward Hispanic employees that escalated after the younger white male employee took over her duties;

  (vii)  Plaintiff opposed and complained to upper management about unequal pay, including Hispanic and/or female employees being compensated less than similarly situated white male employees;

  (viii)  Plaintiff wrote directly to the President of Defendant Stemilt Growers, LLC on or about November 12, 2014, regarding her concerns about age discrimination, discrimination against Hispanic employees and female employees, giving specific examples of discriminatory treatment of Hispanic and female employees including discriminatory demotions, promotions, and

PLAINTIFF'S COMPLAINT FOR DAMAGES  
Page 6

**THE BLANKENSHIP LAW FIRM, P.S.**  
1000 Second Avenue, Suite 3250  
Seattle, Washington 98104  
(206) 343-2700

hiring practices that violated Washington and Federal law, and requested action be taken to remedy it;

37. Defendants failed to take any prompt or effective action to remediate the discrimination.

38. Rather than address Plaintiff's complaints, Defendants' President involuntarily discharged Plaintiff in retaliation for engaging in protected activity under the aforementioned statutes and while she was disabled and on medical leave protected by FMLA.

(a) On December 3, 2014, Defendants' President wrote Plaintiff knowing that she was out on protected medical and disability leave under the FMLA for migraines and other stress-induced medical illnesses. In response to her November 12, 2014 letter asking him to address her concerns of discrimination and retaliation at Stemilt, Defendants' President asked Plaintiff to end her employment and wrote:

**"[T]here is no way that we can undo the past and individual feelings of you, me and everyone involved. Given the distress this seems to cause you, are you sure it wouldn't be healthier for you to leave Stemilt?"**

39. Plaintiff was already on FMLA and disability leave due to stress caused by the discrimination in her work environment. Upon receiving this response to her discrimination complaints, including her complaint about Defendants' decision to discriminatorily and retaliatorily demote her, Plaintiff could not return to work; Defendants forced her resignation.

40. Defendants discriminatorily and retaliatorily discharged Plaintiff, an eleven-year employee with a strong performance record, in violation of the above-referenced statutes.

41. The effect of the practices complained of in the above paragraphs has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race, gender, national origin, age, disability, FMLA leave, and opposition to Defendants' unlawful activities.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 7

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

42. Defendants failed to act to eliminate the discrimination and retaliation in response to Plaintiff's complaints and instead took adverse actions against Plaintiff due to her opposition activity and while she was on medical leave protected by FMLA.

43. The unlawful employment practices complained of in the above paragraphs were intentional.

44. The unlawful employment practices complained of in the above paragraphs were done with malice or with reckless indifference to Plaintiff's rights as protected by federal and state laws.

## IV.   RESERVATION OF RIGHTS

45. Plaintiff reserves the right to add, revise, or withdraw any claims, or add additional parties during the course of the litigation as information is obtained through litigation.

## V.   PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in any other unlawful employment practices.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including out-of-pocket expenses, in an amount to be determined at trial.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 8

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

E.       Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the acts complained of in the above paragraphs, including without limitation emotional harm, physical pain, suffering, humiliation, impact to Plaintiff's career and reputation, and loss of enjoyment of life, in an amount to be determined at trial.

F.       Order Defendants to pay Plaintiff punitive damages for the conduct described in the above paragraphs, in amounts to be determined at trial, to the fullest extent allowed by law.

G.       Order Defendants to pay Plaintiff for any and all tax consequences associated with the damages and cost award, including but not limited to attorney's fees.

H.       Award Plaintiff the costs of this action, including attorney's fees, expert fees, and all other costs to the fullest extent allowed by law.

I.       Award Plaintiff other damages including prejudgment interest and post-judgment interest.

J.       Grant any additional or further relief as provided by law, which this Court finds appropriate, equitable, or just.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 9

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

DATED this 24th day of February, 2015.

          THE BLANKENSHIP LAW FIRM, P.S.

By: /s/ Scott C.G. Blankenship
    /s/ Robin J. Shishido
Scott C. G. Blankenship, WSBA No. 21431
Robin J. Shishido, WSBA No. 45926
The Blankenship Law Firm, P.S.
1201 Third Avenue, Suite 2880
Seattle, WA 98101
Telephone: (206) 343-2700
Fax: (206) 343-2704
Email: sblankenship@blankenshiplawfirm.com
       rshishido@blankenshiplawfirm.com
Attorneys for Plaintiff

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 10

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700